**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ted Johnson, Appellant,

v.

Badcock & More Home Furniture, Respondent.

Appellate Case No. 2020-001696

———————

Appeal From Marlboro County
Paul M. Burch, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-221
Submitted May 17, 2023 – Filed June 7, 2023

———————

**AFFIRMED**

———————

Ted Johnson, of Bennettsville, pro se.

———————

**PER CURIAM:**  Ted Johnson appeals a circuit court order affirming the magistrate court's dismissal of an action he filed against Badcock & More Home Furniture (Badcock) arising from Badcock's refusal to honor a warranty on a lawn mower that it sold to Johnson.  On appeal, Johnson argues he was entitled to relief on his claim because Badcock was in default.  We affirm.

Johnson asserts that after he filed his claim in the magistrate court, Badcock refused "service by certified mail return receipt" on three separate occasions and

failed to appear in the magistrate court on three hearing dates. Johnson further states that despite Badcock's refusal to accept service or appear, the magistrate dismissed his action. We hold the dismissal was proper.

The South Carolina Rules of Magistrates Court allow a summons and other documents in a magistrate's court proceeding to be "made by certified mail, return receipt requested and delivery restricted to the addressee." Rule 6(d)(6), SCRMC. "Service is effective upon the date of delivery as shown on the return receipt." *Id.* Furthermore, "[s]ervice pursuant to [Rule 6(d)(6)] shall not be the basis for the entry of default judgment unless the record contains a return receipt showing the acceptance by the defendant." *Id.*

The record on appeal shows none of Johnson's attempts to serve Badcock by certified mail included a request for a return receipt or instructions that delivery be restricted to the addressee. Furthermore, the record does not contain a return receipt showing acceptance of the pleadings by Badcock. Therefore, Johnson's attempt to serve Badcock by certified mail was insufficient to support the entry of a default judgment under Rule 6(d)(6). Accordingly, we hold the magistrate did not err in dismissing Johnson's action against Badcock and the circuit court correctly affirmed the dismissal.

**AFFIRMED.**[1]

**WILLIAMS, C.J., and VINSON and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.